Roy TORRES, Appellant,

v.

The STATE of Texas.

No. 238–00.

Court of Criminal Appeals of Texas.

Dec. 6, 2000.

## OPINION

MEYERS, J., delivered the opinion of the Court, joined by MANSFIELD, PRICE, HOLLAND, WOMACK and KEASLER, JJ., KELLER, J., concurred.

At appellant's trial for indecency with a child by contact, the State sought to admit into evidence a videotaped interview with the alleged child victim.[1] Appellant objected to the admission of the tape as failing to meet the requirements of Code of Criminal Procedure article 38.071 § 5(a)(1), because the child was not placed under oath or admonished prior to the questioning.[2] The trial court overruled appellant's objection:

> The Court finds that the state has, based on the testimony today and yesterday, laid a proper predicate for the admissibility of the videotape, including the requirements of Article 38.07(1) Section 5(a), 1 through 12, and specifically Sections 4, 6, 10 and 11.... While the alleged child victim was not placed under oath due to the very young age of the witness, the Court believes the procedure followed was substantially in compliance with requirements of A–10 of that statute. The order might have been a little different, but when it's all put together and viewed in its totality, the Court finds that the child was sufficiently admonished to meet the requirements of the statute....

The tape shows an interview between the child and a victim services counselor with the Austin Police Department. While the child was not placed under oath or admonished at the beginning of the interview, in the last few minutes of the interview, the counselor talked with the child about being truthful:

Q: Is there anything else you feel comfortable telling me today?

A. Uh-uh.˙ [Child shakes head no]

Q. Okay. Did anybody tell you what to tell me today?

A. [Child shakes head no]

Q. Did all this happen, did Roy put his private in there? [Indicating on doll]

A. Um-hm. [Child nods head yes]

Q. Okay. Have you ever heard the words truth and lie?

A. Um, tell the truth.

Q. You tell the truth. And what is the truth?

A. That he, he did it. For real.

Q. For real. Okay. Tell me what you're wearing on your feet.

A. Shoes.

Q. What kind of shoes are those?

A. White shoes.

Q Okay. And do you call, do you have another name for your white shoes?

A. Tennies

Q. Okay. If I said those were roller skates, would that be the truth or a lie?

A. The truth.

Q. Okay. If I said that these are black, would I be telling the truth or a lie? [Pointing to child's white tennis shoes]

A, The truth.

Q. Okay. Is it better to tell the truth or is it better to tell a lie?

A. Tell the truth.

---

1. The child was four at the time of the alleged offense, and five at the time of the videotaped interview.

2. Appellant also objected on the grounds that the tape failed to meet other requirements set forth in article 38.071, but appellant's petition before this Court concerns only section 5(a)(10) of that article.

Q. It's better to tell the truth. What happens if somebody tells a lie?

A. They get in trouble.

Q. Okay. And is everything you told me about Roy the truth?

A. [Child nods head yes]

Q. Okay. Anything else you want to tell me?

A. Huh-uh. [Child shakes head no]

During the taped interview, the child stated that appellant had "put his private in mine." The child testified at trial, denying that appellant had ever "put his private" in hers or had ever touched her "private." Rather, she testified that appellant had put his "private in her mouth." After this testimony, the State admitted the videotape. Appellant was convicted and sentenced to life imprisonment.

The Court of Appeals upheld the trial court's admission of the videotaped interview and affirmed appellant's conviction.[3] *Torres v. State,* No.03–98–00520–CR, slip op. at 6–7, 1999 WL 1072601 (Tex.App.— Austin Nov.30, 1999)(not designated for publication). We granted appellant's petition for discretionary review to decide whether the Court of Appeals erred in holding the videotaped testimony was admissible under Article 38.071 § 5(a)(10).

▆ Article 38.071, *Testimony of a child who is a victim of offense,* Section 5(a)(10) provides that:

(a) On the motion of the attorney representing the state or the attorney representing the defendant and on a finding by the trial court that the following requirements have been substantially satisfied, the recording of an oral statement of the child made before a complaint has been filed or an indictment returned charging any person with an offense to which this article applies is admissible

into evidence if: ... (10) before giving his testimony, the child was placed under oath or was otherwise admonished in a manner appropriate to the child's age and maturity to testify truthfully.

TEX.CODE CRIM.PROC. art. 38.071 § 5(a)(10). Section 5(a)(10) requires that a child witness be placed under oath or admonished to testify truthfully *before* testifying. In the instant case, nothing was said to the child witness about telling the truth until the *end* of her interview. But section 5(a) also provides that its requirements can be "substantially satisfied." So the question presented is whether the discussion that took place at the end of the child's interview "substantially satisfied" the oath or admonishment requirement.

Appellant argues that the rationale for requiring an oath or admonishment before the testimony is to impress upon the witness the gravity and importance of their testimony in order to guard against a lie *before* it might happen. He maintains that this purpose is not met or substantially satisfied by a discussion that took place at the end of the interview. The State argues that the videotape viewed as a whole confirms that the requirements were substantially satisfied, pointing out that the child was "fully engaged" with the interviewer and "displayed her proclivity for independent thought." The State maintains that the child's statements taken together "make clear [the child's] comprehension of truthfulness."

The State's arguments bear more on the competency of the witness to testify than the separate question of the oath or admonishment requirement. The competency of the child witness to testify is dealt with in a separate subsection from the oath or admonishment provision. Ar-

---

**3.** Appellant was also convicted of aggravated sexual assault of a child and of indecency with a child by exposure. Appellant's punishment for the aggravated sexual assault, enhanced, was assessed at life imprisonment. Appellant was sentenced to imprisonment for twenty years for the indecency by exposure

offense. The Court of Appeals reversed appellant's conviction for indecency by exposure and ordered a dismissal of that cause. *Torres v. State,* No. 03–98–00520–CR, slip op. at 7, 1999 WL 1072601 (Tex.App.—Austin Nov.30, 1999). Appellant's conviction for aggravated sexual assault was affirmed.

ticle 38.071 § 5(a)(11) requires that the child be competent to testify at the time the testimony was given, a requirement which incorporates the notion that the witness have an understanding of the responsibility to tell the truth.[4] *See Watson v. State*, 596 S.W.2d 867, 870 (Tex.Crim.App. 1980) (consideration in determining competence is witness' capacity to narrate, which "involves ... both an ability to understand the questions asked and to frame intelligent answers and ... a moral responsibility to tell the truth"). Thus, before a recorded statement of a child may be admitted into evidence, the legislature has called for both a showing of competence at the time the testimony was given (section 5(a)(11)) and a showing that there was an oath or some discussion with the child about the issue of truthfulness before the testimony was given (section 5(a)(10)). A showing that the witness was competent and had an understanding of the responsibility to tell the truth does not satisfy the separate requirement that the witness be placed under oath or an admonishment be given.

From the standpoint of a plain reading of section 5(a)(10), to view the requirement that the oath or admonishment be given "before" the child's testimony as substantially satisfied by an oath or admonishment given "after" the testimony would stretch the bounds of statutory interpretation beyond what is sensical. "After" cannot constitute substantial compliance with "before." They are opposites. To allow a requirement to be met by a showing that its opposite was done cannot be what the legislature had in mind by allowing for substantial satisfaction.

The State argues that under "established precedent," a subsequent demonstration that a witness understands the importance of telling the truth and an as-surance that she told the truth relates back to previously-given testimony in substantial satisfaction of the oath requirement. In support of this argument, the State asks us to apply case law decided under Rule of Evidence 603 which requires an oath or affirmation of witnesses prior to their testimony.[5] The State relies on *Beck v. State*, 719 S.W.2d 205 (Tex.Crim.App. 1986), a Rule 603 case, and says *Beck* stands for the principle that a subsequent oath or admonishment can relate back to previously given testimony that was not under oath. *Beck* does not stand for such proposition.

In *Beck*, a pen packet was offered through the unsworn testimony of a police officer. There was no objection to the failure of the witness to be sworn in. The Court of Appeals held that without the oath, the testimony had no binding effect and thus the pen packet was not viable. On discretionary review, we pointed to long-standing case law holding that the failure of a witness to be sworn in before testifying must be objected to at trial or is waived. *Id.* at 211. We went on to explain that an objection allows the trial court an opportunity to correct the problem, and cited to cases in other jurisdictions that had addressed what action was appropriate to correct a failure to place a witness under oath, once there had been a timely objection on that basis. *Id.* at 213. The various actions found acceptable in such circumstances included swearing the witness in and allowing him to repeat his testimony, instructing the jury not to consider the unsworn testimony, allowing the jury to consider the testimony as if the witness had been sworn, and swearing the witness in and asking them if their prior testimony was true. *Id.* at 213 & n. 5 (citing cases from other state courts). We

---

4. Article 38.071 § 5(a)(11) requires that the court "find[ ] from the recording or through an in camera examination of the child that the child was competent to testify at the time that the recording was made." The competence of the child is not questioned here.

5. Rule 603 provides: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so."

emphasized that all such cases teach that an objection to the lack of an oath must be promptly made. We ultimately held in *Beck* that either (1) the failure to object to the lack of an oath waived the issue; or (2) if the defendant could be viewed as having made a timely objection, defense counsel's argument that the pen packet could not be considered, which was adopted by the trial court, cured the error.

The State urges us to apply a proposition of law appearing in the following footnote in *Beck:*

> In *Hewlett* [*v. State*, 517 S.W.2d 760, 766 (Tenn.Crim.App.1974) ], it was observed that the admission of unsworn testimony was a mere irregularity. Here, upon objection, the witness was sworn and answered in the affirmative when asked if his prior testimony was true. The trial judge then had the witness take a special oath that his prior testimony was the truth, the whole truth and nothing but the truth. *When a witness reaffirms testimony he gave before he was sworn, such testimony becomes competent. Murphy v. State,* 25 Ala.App. 237, 144 So. 114 (1932).

*Beck,* 719 S.W.2d at 213 n. 5 (emphasis added). The Court in *Beck* gave no indication that it approved of *Hewlett,* or *Murphy,* or any of the other courts it cited to in giving examples of "[s]ome cases [that had] addressed what action is possible if the objection [to unsworn testimony] is timely." *Beck,* 719 S.W.2d at 213. At most, *Beck* suggested that the appropriate action, upon timely objection, would be to swear the witness and then have him repeat his testimony. *Id.* at 214 (referring to defendant's failure to call lack of oath to court's attention even when defendant argued during jury argument that pen packet could not be considered, "although at that time it still was not too late for [witness] to have been sworn and to repeat his testimony"). The issue in *Beck* concerned the lack of an objection to the oath problem, not whether a statute requiring an oath had been met. *Beck* has no bearing here. Moreover, we would hesitate to apply law concerning Rule 603, a rule of general application, to the special out-of-court circumstances governed by article 38.071, regarding the recording of statements by children.

■ "Substantially satisfied" means something less than strict or formal compliance. But the spirit of the requirements must nonetheless be met. For example, if the oath or admonishment took place several minutes into a child's testimony, but the child had not testified concerning anything critically substantive, then perhaps we could say that the requirement that the oath or admonishment be given "before" the testimony was substantially satisfied. In such scenario, the apparent point of the provision—that the child be spoken to regarding the importance of the truth prior to any potentially incriminating testimony—is met even though the letter of the provision was not followed (i.e., there *was* some testimony before the admonishment was given, although it was substantively unimportant). In the instant case, however, virtually all of the child's substantive testimony was given before the discussion at the end of the interview concerning telling the truth.[6] We need not address the substantive sufficiency of that discussion, as its timing alone renders it outside the bounds of substantial satisfaction with the requirements of section 5(a)(10).[7]

Substantially satisfying the oath or admonishment requirement is not an onerous

---

6. After the discussion regarding telling the truth, the counselor told the child she had "one more question" and asked her who had been in the house at the time of the alleged offense. The counselor followed this question with several other questions asking about the whereabouts of specific people.

7. Appellant argues the discussion at the end of the interview did not amount to an oath or admonishment.

or inconvenient burden. If substantial compliance with the oath or admonishment requirement proves over time, in the context covered by article 38.071, to be impractical, then impression ought to be made upon the legislature to eliminate or modify such requirement, assuming any modification could be done without affecting the constitutionality of the provision. The statute contains no exception allowing for a failure to substantially satisfy its terms if such failure was for a good reason.[8] As it stands, if the terms of the provision are not substantially satisfied, no matter what the reason, the evidence is inadmissible.

The Court of Appeals erred in holding that the discussion with the child at the end of her interview substantially satisfied the requirement that she be sworn or admonished before giving testimony, under section 5(a)(10). Accordingly, the videotaped interview was not admissible into evidence. The judgment of the Court of Appeals is reversed and this cause is remanded to that Court to assess the question of harm arising from the erroneous admission of the tape. Tex.R.App.Proc. T44.2.

McCORMICK, P.J., dissented.
JOHNSON, J., not participating.

---

8. The State suggests the failure to admonish the child should be excused because the interviewer "would have been remiss" by interrupting the child's story to discuss the importance of telling the truth.