# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===================
## ON REMAND
===================


===============
## NO. 03-98-00520-CR
===============


**Roy Torres, Appellant**

**v.**

**The State of Texas, Appellee**

===========================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 0975467, HONORABLE MICHAEL F. LYNCH, JUDGE PRESIDING
===========================================================================


In an unpublished opinion, we affirmed appellant Roy Torres's convictions for aggravated sexual assault on a child and for indecency with a child by contact. The Court of Criminal Appeals granted appellant's petition for discretionary review and held that we erred in upholding the trial court's ruling admitting in evidence a videotaped interview with the five-year-old victim of the offense. *Torres v. State*, 33 S.W.3d 252 (Tex. Crim. App. 2000).

The Court of Criminal Appeals concluded that a discussion with the child concerning her telling the truth at the end of her taped interview failed to substantially satisfy the statutory requirement that the victim be sworn or admonished before giving the videotaped testimony. *Id*. at

257.[1]  The cause was remanded to this Court "to assess the question of harm arising from the erroneous admission of the tape." *Id.*

A constitutional error that is subject to harmless error review requires reversal unless the appellate court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a). Any other error that does not affect a substantial right must be disregarded. *Id.* 44.2(b); *see also* Tex. R. Evid. 103(a). The Court of Criminal Appeals did not specify whether we are to apply rule 44.2(a) or rule 44.2(b) to the error it found in this cause.

The error designated by the Court of Criminal Appeals resulted from a violation of article 38.071, section 5(a)(10) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.071, § 5(a)(10) (West Supp. 2001). Generally, the violation of a statutory provision is not of constitutional dimensions. *See Aguirre-Mata v. State*, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999); *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998); *Carranza v. State*, 980 S.W.2d

---

[1]  The Code of Criminal Procedure provides the following:

Sec. 5. (a) On the motion of the attorney representing the state or the attorney representing the defendant and on a finding by the trial court that the following requirements have been substantially satisfied, the recording of an oral statement of the child made before a complaint has been filed or an indictment returned charging any person with an offense to which this article applies is admissible into evidence if:

. . . .

(10) before giving his testimony, the child was placed under oath or was otherwise admonished in a manner appropriate to the child's age and maturity to testify truthfully . . . .

Tex. Code Crim. Proc. Ann. art. 38.071, § 5(a)(10) (West Supp. 2001).

2

653, 656 (Tex. Crim. App. 1998); *Davis v. State,* 22 S.W.3d 8, 12 (Tex. App.–Houston [14th Dist.] 2000, no pet.); *McCuller v. State*, 999 S.W.2d 801, 805 (Tex. App.–Tyler 1999, pet. ref'd). We conclude that the trial court's misapplication of article 38.071, section 5(a)(10) is statutory error, not constitutional error.

Other than constitutional error, any error that does not affect a defendant's substantial rights must be disregarded. Tex. R. App. P. 44.2(b). A defendant's substantial rights are affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State,* No. 1353-99, slip op. at 5, 2001 Tex. Crim. App. LEXIS 23, at *7 (Tex. Crim. App. March 28, 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Lopez v. State*, 990 S.W.2d 770, 777-78 (Tex. App.–Austin 1999, no pet.); *Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.–Austin 1999, pet. ref'd). However, a criminal conviction should not be overturned for nonconstitutional error if the appellate court, after examining the entire record, has fair assurance that the error did not influence the jury, or had but slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Scaggs v. State*, 18 S.W.3d 277, 290 (Tex. App.–Austin 2000, pet. ref'd); *Ortiz v. State*, 999 S.W.2d 600, 606 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Lopez*, 990 S.W.2d at 777-78; *Tate*, 988 S.W.2d at 891.

Appellant first argues that the error is of constitutional dimension. We have rejected that argument. Appellant, relying on *Garza v. State*, 963 S.W.2d 926 (Tex. App.–San Antonio 1998, no pet.), insists that in conducting a harm analysis under Rule 44.2(b) we should consider (1) the source of the error, (2) the nature of the error, (3) whether and to what extent it was emphasized by the State, (4) the probable collateral consequences of the error, (5) how much weight a juror would

probably place on the error, and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. However, we note that in his brief appellant has made no attempt to apply these six factors to this case. The suggested analysis is not appropriate for determining harm in this case.[2]

In assessing Rule 44.2(b) harm, it is the responsibility of the appellate court to assess harm after reviewing the record, and the burden to demonstrate whether appellant was harmed by trial court error does not rest on either appellant or the State. *Johnson v. State*, No. 1353-99, slip op. at 7. It is the responsibility of the appellate court to determine whether a trial error affected the resulting judgment. *Id*. at 6.

In addition to the erroneously admitted videotape, the record includes the live testimony of the five-year-old victim. She testified that appellant had inserted his penis into her mouth. She denied genital-to-genital penetration, even though she had reported such conduct before trial.

Dr. Beth Nauert, a pediatrician, testified that the victim told her that "Roy kept doing nasties to me. He puts his private in mine." Dr. Nauert testified that she examined the victim and found in the child's hymen a healed tear that was at least a week old and that the condition of the

---

[2] The six factors adopted for the harm analysis in *Garza* are those suggested in assessing harm under the former Rule of Appellate Procedure 81(b)(2). *See Harris v. State*, 790 S.W.2d 568, 584-88 (Tex. Crim. App. 1989). While these factors may well apply in assessing harm resulting from prosecutorial misconduct, they have little utility here in assessing the harm resulting from the trial court's error in admitting in evidence the videotape. The source and nature of the error was the trial court's error in admitting the tape for the jury's consideration. In this case, only factor (5), how much weight a juror would probably place on the error, would be of use in assessing harm.

child's hymen was consistent with vaginal penetration. Dr. Nauert also testified that the victim was infected with chlamydia, a sexually transmitted bacteria.

The victim's grandmother testified that while she was at the dinner table, the victim became very upset and said that the appellant had "put his private in my private." The victim's older sister testified that she had peeked through the door and saw appellant in his bed lying on top of the victim.

Diana Garza-Louis, a licensed psychotherapist in private practice, testified that the victim had been referred to her by the Child Protective Services through the Children's Advocacy Center. Garza-Louis testified that the victim told her that appellant put his private in her private and in her mouth.

The erroneously admitted videotape recorded the victim's interview with Anna Lee, a social worker employed at the time of the interview by the Austin Police Department as a child abuse counselor. The victim, using anatomically correct dolls, showed Lee how appellant had inserted his penis into her "private." The victim told Lee that she had reported appellant's conduct to her grandmother and to her mother. The victim's mother was not a trial witness.

The jury had an advantage that we do not have of hearing the witnesses and observing the demeanor of each witness including the victim. Nevertheless, it is our duty to determine from the record whether in our judgment the improperly admitted videotape had more than a slight effect in influencing the jury's determination of appellant's guilt.

We have reexamined the entire record including the videotape. From our examination of the record, we have fair assurance that the error did not influence the jury's verdict, or had but

5

slight effect. We conclude that the jury's verdict was no more than slightly influenced by the erroneously admitted videotape. We hold that the error did not affect appellant's substantial rights and should be disregarded. Tex. R. App. P. 44.2(b).

The judgment of the trial court is affirmed.

_____
_____Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally[*]

Affirmed

Filed: May 3, 2001

Do Not Publish

---

[*] Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).