**Opinion filed February 11, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00313-CR

———————

## JESUS GARCIA, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16736B**

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted appellant, Jesus Garcia, Jr., of indecency with a child. Based upon the trial court's affirmative findings on two prior felonies alleged for enhancement purposes,[1] the trial court sentenced appellant to confinement in the Institutional

---

[1]The previous convictions were for failure to register as a sex offender and for aggravated sexual assault.

Division of the Texas Department of Criminal Justice for life. Appellant challenges his conviction in two issues. We affirm.

*Background Facts*

The indictment charged appellant with intentionally and knowingly engaging in sexual contact with K.S., a child younger that seventeen years of age, by touching her genitals with his hand with the intent to arouse and gratify his sexual desire. K.S. was nine years old at the time of trial. She testified that appellant touched her "private part" over her clothes with his hand. She also testified that appellant kissed her on the forehead. Officer Thomas Valdez testified that K.S. made an outcry statement to him on the morning that the incident took place. K.S. pointed to her vaginal area and told Officer Valdez that appellant touched her there with his hand. Officer Valdez also testified that K.S. reported that appellant kissed her.

Appellant testified on his own behalf during the guilt/innocence phase of the trial. He admitted to airing up K.S.'s bicycle tire and kissing her on the forehead, but he denied engaging in sexual contact with K.S.

*Issues*

In his first issue, appellant challenges the legal and factual sufficiency of the evidence. Appellant asserts in his second issue that trial counsel did not provide him with effective assistance of counsel. He premises both of these issues on the contention that K.S. was not competent to testify at trial. He contends under his first issue that the evidence supporting his conviction is legally and factually insufficient because it was based upon K.S.'s purportedly incompetent testimony. He asserts that trial counsel was ineffective because he failed to object to K.S.'s testimony on competency grounds.

*Sufficiency of the Evidence*

To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim.

App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The finder of fact is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Appellant bases his evidentiary challenges on the premise that this court cannot consider K.S.'s testimony in reviewing the evidence because she was not competent to testify at trial. This premise is invalid. When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001); *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Chambers v. State*, 805 S.W.2d 459, 460 (Tex. Crim. App. 1991). Thus, even if the trial court erred in determining that K.S. was competent to testify, we would still consider her testimony in reviewing the sufficiency of the evidence.

K.S. testified that appellant touched her genitals with his hand. Her testimony alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005). The fact that appellant denied her allegations in his testimony is of little consequence because we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination of the witnesses' credibility. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Viewing all of the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Viewing all of the evidence in a neutral light, the evidence supporting the conviction was not so weak to render the verdict clearly wrong and manifestly unjust. Furthermore, appellant's conflicting, self-serving testimony does not outweigh the evidence supporting the conviction to the degree that would cause the verdict to be against the great weight and preponderance of the evidence. Appellant's first issue is overruled.

3

*Ineffective Assistance Claim*

To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and an appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.*

When it is alleged in an ineffective assistance claim that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). Accordingly, we must determine if the trial court would have committed error in overruling an objection by appellant's trial counsel to K.S. testifying at trial.

A trial court's determination of whether a child witness is competent to testify and its ruling on the issue are reviewed under an abuse of discretion standard. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995). TEX. R. EVID. 601(a)(2) provides that "[c]hildren or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate

transactions with respect to which they are interrogated" are incompetent to testify. Once the competency of a child witness is challenged, the trial court must assure itself that the child has (1) the ability to intelligently observe the events in question at the time of the occurrence; (2) the capacity to recollect the events; and (3) the capacity to narrate the events. *Torres v. State*, 33 S.W.3d 252, 255 (Tex. Crim. App. 2000) (quoting *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980)). The third element, involving the capacity to narrate, requires that the witness is able to understand the questions asked, frame intelligent answers to those questions, and understand the moral responsibility to tell the truth. *Watson*, 596 S.W.2d at 870.

After administering the oath to K.S., the trial court asked her a series of questions to determine her competency to testify at trial. She initially told the court that she did not understand what it meant to tell the truth or to tell a lie. The trial court later asked her, "What does it mean to tell the truth?" She replied, "To tell the truth what happened." K.S. then promised to tell the truth during her testimony. The trial court permitted the prosecutor to question K.S. after its preliminary examination. On cross-examination, K.S. testified that her mom told her what to say at trial. However, on redirect, K.S. stated that her mom did not tell her what to say at trial. K.S. also testified on redirect that she did not know if she told the truth during her preceding testimony, but then she subsequently stated that she did not testify as to anything that did not happen.

K.S.'s responses to the trial court's qualification questions as well as questions from counsel regarding her ability to testify truthfully are equivocal regarding her competency to testify. However, we must review the child's entire testimony as well as the child's responses to qualification questions to determine whether the trial court's ruling constituted an abuse of discretion. *De Los Santos v. State*, 219 S.W.3d 71, 80-81 (Tex. App.—San Antonio 2006, no pet.); *Fox v. State*, 175 S.W.3d 475, 481 (Tex. App.—Texarkana 2005, pet. ref'd); *Woods v. State*, 14 S.W.3d 445, 451 (Tex. App.—Fort Worth 2000, no pet.). Our review of the body of K.S.'s testimony demonstrates that she was able to observe the events of her encounter with appellant, recollect those events, and then narrate them at trial. *See Watson*, 596 S.W.2d at 870. Considering her testimony as a whole, we conclude that K.S.'s testimony was admissible at trial under the applicable abuse of discretion standard. Accordingly, the failure of trial counsel to object to her admissible testimony will not support a claim of ineffective assistance of counsel. Appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


February 11, 2010

Do not publish. *See* TEX. R. APP .P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.