Opinion filed February 11,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                           No. 11-08-00313-CR 

                                                     __________

 

                                     JESUS
GARCIA, JR., Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee

 

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16736B

 



 

                                           M
E M O R A N D U M   O P I N I O N








After a bench trial, the trial court
convicted appellant, Jesus Garcia, Jr., of indecency with a child.  Based upon
the trial court=s
affirmative findings on two prior felonies alleged for enhancement purposes,[1]
the trial court sentenced appellant to confinement in the Institutional
Division of the Texas Department of Criminal Justice for life.  Appellant
challenges his conviction in two issues.  We affirm.

                                                                Background
Facts

The indictment charged appellant with
intentionally and knowingly engaging in sexual contact with K.S., a child
younger that seventeen years of age, by touching her genitals with his hand
with the intent to arouse and gratify his sexual desire.  K.S. was nine years
old at the time of trial.  She testified that appellant touched her Aprivate part@ over her clothes with his
hand.  She also testified that appellant kissed her on the forehead.  Officer
Thomas Valdez testified that K.S. made an outcry statement to him on the
morning that the incident took place.  K.S. pointed to her vaginal area and told
Officer Valdez that appellant touched her there with his hand.  Officer Valdez
also testified that K.S. reported that appellant kissed her.

Appellant testified on his own behalf during
the guilt/innocence phase of the trial.  He admitted to airing up K.S.=s bicycle tire and kissing
her on the forehead, but he denied engaging in sexual contact with K.S.

                                                                         Issues

In his first issue, appellant challenges the
legal and factual sufficiency of the evidence.  Appellant asserts in his second
issue that trial counsel did not provide him with effective assistance of
counsel.  He premises both of these issues on the contention that K.S. was not
competent to testify at trial.  He contends under his first issue that the
evidence supporting his conviction is legally and factually insufficient
because it was based upon K.S.=s
purportedly incompetent testimony.  He asserts that trial counsel was
ineffective because he failed to object to K.S.=s
testimony on competency grounds.  

                                                         Sufficiency
of the Evidence








To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light. Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v.  State,
23 S.W.3d 1, 10‑11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407‑08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d
at 414‑15; Johnson, 23 S.W.3d at 10‑11.  The finder of fact
is the sole judge of the weight and credibility of the witnesses= testimony. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

Appellant bases his evidentiary challenges
on the premise that this court cannot consider K.S.=s testimony in reviewing the evidence because
she was not competent to testify at trial.  This premise is invalid. When
conducting a sufficiency review, we consider all the evidence admitted at
trial, including pieces of evidence that may have been improperly admitted.  Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); Conner v. State,
67 S.W.3d 192, 197 (Tex. Crim. App. 2001); Garcia v. State, 919 S.W.2d
370, 378 (Tex. Crim. App. 1994); Chambers v. State, 805 S.W.2d 459, 460
(Tex. Crim. App. 1991).   Thus, even if the trial court erred in determining
that K.S. was competent to testify, we would still consider her testimony in
reviewing the sufficiency of the evidence.

K.S. testified that appellant touched her
genitals with his hand.  Her testimony alone is sufficient to support a
conviction for indecency with a child.  See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005). 
The fact that appellant denied her allegations in his testimony is of little
consequence because we presume that the factfinder resolved the conflicts in
favor of the prosecution and defer to that determination of the witnesses= credibility.  Jackson,
443 U.S. at 326; Clayton, 235 S.W.3d at 778.  Viewing all of the
evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Viewing all of the evidence in a neutral light, the
evidence supporting the conviction was not so weak to render the verdict
clearly wrong and manifestly unjust.  Furthermore, appellant=s conflicting, self-serving
testimony does not outweigh the evidence supporting the conviction to the
degree that would cause the verdict to be against the great weight and
preponderance of the evidence.  Appellant=s
first issue is overruled.








                                                        Ineffective
Assistance Claim

To determine whether appellant=s trial counsel rendered
ineffective assistance at trial, we must first determine whether appellant has
shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and an appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  A[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.@ Strickland, 466
U.S. at 690. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Under normal circumstances,
the record on direct appeal will not be sufficient to show that counsel=s representation was so
deficient and so lacking as to overcome the presumption that counsel=s conduct was reasonable
and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  Rarely will the record on direct appeal contain sufficient information
to permit a reviewing court to fairly evaluate the merits of such a serious
allegation. Id.

When it is alleged in an ineffective
assistance claim that counsel was deficient in failing to object to the
admission of evidence, the defendant must show, as part of his claim, that the
evidence was inadmissible.  Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim.
App. 2002).   Accordingly, we must determine if the trial court would have
committed error in overruling an objection by appellant=s trial counsel to K.S. testifying at trial. 








A trial court=s
determination of whether a child witness is competent to testify and its ruling
on the issue are reviewed under an abuse of discretion standard.  Broussard
v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995).  Tex. R. Evid. 601(a)(2) provides that A[c]hildren or other persons
who, after being examined by the court, appear not to possess sufficient
intellect to relate transactions with respect to which they are interrogated@ are incompetent to
testify.  Once the competency of a child witness is challenged, the trial court
must assure itself that the child has (1) the ability to intelligently
observe the events in question at the time of the occurrence; (2) the capacity
to recollect the events; and (3) the capacity to narrate the events.  Torres
v. State, 33 S.W.3d 252, 255 (Tex. Crim. App. 2000) (quoting Watson v.
State, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980)).  The third element,
involving the capacity to narrate, requires that the witness is able to
understand the questions asked, frame intelligent answers to those questions,
and understand the moral responsibility to tell the truth.  Watson, 596
S.W.2d at 870.

After administering the oath to K.S., the
trial court asked her a series of questions to determine her competency to
testify at trial.  She initially told the court that she did not understand
what it meant to tell the truth or to tell a lie.  The trial court later asked
her, AWhat does it
mean to tell the truth?@ 
She replied, ATo tell
the truth what happened.@ 
K.S. then promised to tell the truth during her testimony.  The trial court
permitted the prosecutor to question K.S. after its preliminary examination. 
On cross-examination, K.S. testified that her mom told her what to say at
trial.  However, on redirect, K.S. stated that her mom did not tell her what to
say at trial.  K.S. also testified on redirect that she did not know if she
told the truth during her preceding testimony, but then she subsequently stated
that she did not testify as to anything that did not happen.

K.S.=s
responses to the trial court=s
qualification questions as well as questions from counsel regarding her ability
to testify truthfully are equivocal regarding her competency to testify. 
However,  we must review the child=s
entire testimony as well as the child=s
responses to qualification questions to determine whether the trial court=s ruling constituted an
abuse of discretion. De Los Santos v. State, 219 S.W.3d 71, 80-81 (Tex.
App.CSan Antonio 2006,
no pet.); Fox v. State, 175 S.W.3d 475, 481 (Tex. App.CTexarkana 2005, pet. ref=d); Woods v. State,
14 S.W.3d 445, 451 (Tex. App.CFort Worth
2000, no pet.).  Our review of the body of K.S.=s
testimony demonstrates that she was able to observe the events of her encounter
with appellant, recollect those events, and then narrate them at trial.  See
Watson, 596 S.W.2d at 870.  Considering her testimony as a whole, we
conclude that K.S.=s
testimony was admissible at trial under the applicable abuse of discretion
standard.  Accordingly, the failure of trial counsel to object to her
admissible testimony will not support a claim of ineffective assistance of
counsel.  Appellant=s
second issue is overruled.








                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL                                                                                                                  JUSTICE

 

February 11, 2010

Do not publish.  See Tex.
R. App .P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.









[1]The previous convictions were for failure to register
as a sex offender and for aggravated sexual assault.