

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00443-CR

JERRY DON DEER                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Jerry Don Deer guilty of two counts of harassment. The trial court sentenced him to 180 days in jail and a $1,000 fine, probated for two years. Appellant perfected this appeal and raises two issues: first, that a child witness lacked competency to testify and second, that his trial counsel was ineffective. For the reasons set forth below, we will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant is divorced from Jane.[2]  A divorce court order prohibited Appellant and Jane from monitoring calls between their three minor children and the other parent.  On August 28, 2009, Appellant called Jane's house to speak with his youngest child, Joe.  Joe reported to Jane that Appellant had told him to come and say some things to her.  The things Joe said were disturbing and caused Jane to record the remainder of the conversation that occurred between Joe and Appellant by placing a digital camcorder next to the speaker phone through which Joe was speaking to Appellant.  During the recorded portion of the conversation, Appellant threatened to assault and murder Jane.

In his first point of error, Appellant claims that the trial court abused its discretion by determining that Joe was competent to testify.  The record reflects that the trial court questioned Joe regarding his understanding of the difference between the truth and a lie and that Joe was administered an oath to tell the truth.  *See* Tex. R. Evid. 601(a)(2), 603.  Joe then testified without objection; the State points out and Appellant concedes that he did not assert any objection to Joe's testimony.  To preserve an issue for appellate review, an appellant must make a specific objection to the trial court at the time the alleged error arises and must obtain a ruling on the objection.  Tex. R. App. P. 33.1(a).  Because Appellant did not object to Joe's testimony at trial on the basis of incompetency, Appellant has failed to preserve the issue and may not raise it for the first time on

[2]We use pseudonyms for Appellant's ex-wife and child.

appeal. *See De Los Santos v. State*, 219 S.W.3d 71, 80 (Tex. App.—San Antonio 2006, no pet.); *see also, e.g.*, *Fields v. State*, 500 S.W.2d 500, 501–02 (Tex. Crim. App. 1973) (trial objection to child's competency made and issue reviewed on appeal); *Davis v. State*, 268 S.W.3d 683, 699–700 (Tex. App.—Fort Worth 2008, pet. ref'd) (same).[3] We overrule Appellant's first point.

In his second point, Appellant claims that his trial attorneys were ineffective because they failed to object to the admission of State's Exhibits 1 and 1A—recordings of a phone conversation between Appellant and Joe, because they failed to object to Joe's testimony on competency grounds, because they failed to object to leading questions, because they failed to conduct a proper investigation, because they failed to move for a directed verdict, and because they failed to understand the law applicable to the case.

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable

---

[3]The preservation of a competency complaint is especially important because Texas Rule of Evidence 601 creates a presumption that a person is competent to testify, and the trial court has no duty to conduct a preliminary competency examination on its own motion. *See* Tex. R. Evid. 601; *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App.), *cert. denied*, 525 U.S. 967 (1998). Once the competency of a child witness is challenged, the trial court must assure itself that the child has (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *Torres v. State*, 33 S.W.3d 252, 255 (Tex. Crim. App. 2000); *see Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. [Panel Op.] 1980).

probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "'In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions.'" *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based

4

upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even that we address both components of the inquiry if the defendant makes an insufficient showing on one component. *Id.* at 697, 104 S. Ct. at 2069.

The trial court possesses broad discretion to admit evidence, to determine a witness's competency, and to permit leading questions on direct examination. *Accord Davis*, 268 S.W.3d at 699 ("A trial court's determination of whether a child witness is competent to testify and its ruling on the issue will not be disturbed on appeal absent an abuse of discretion."); *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App.) ("We review [evidentiary rulings] under an abuse of discretion standard . . . "), *cert. denied*, 534 U.S. 855 (2001); *Wyatt v. State*, 23 S.W.3d 18,

28 (Tex. Crim. App. 2000) ("[P]ermitting leading questions on direct examination is a matter within the sound discretion of the trial court.").

Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *see also Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an ineffective assistance claim must "'be firmly founded in the record'"), *cert. denied*, 543 U.S. 1059 (2005) (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). When the record is silent as to counsel's reason for failing to object—unless the record establishes that no reasonable trial strategy could justify counsel's conduct because counsel's performance falls below an objective standard of reasonableness as a matter of law—the appellant has failed to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814 (silent record fails to rebut presumption of reasonableness); *see also Cannon v. State*, 252 S.W.3d 342, 349–50 (Tex. Crim. App. 2008) (defense counsel's refusal to participate in trial because of recusal motion he had filed against judge resulted in ineffective assistance of counsel for defendant); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (no reasonable trial strategy for failure to object to prosecutor's misstatement of law).

Here, Appellant did not claim ineffective assistance of counsel in his motion for new trial, so the record before us is silent as to defense counsels' reasoning or motives in failing to object to the admission of State's Exhibits 1 and

6

1A, failing to object to Joe's competency to testify, and failing to object to leading questions propounded to Joe and Jane. And based on the record before us, trial counsels' failure to assert these objections is not so egregious that no reasonable trial strategy could justify counsels' conduct; their failure to assert these objections does not fall below an objective standard of reasonableness as a matter of law.

Appellant also alleges that his trial attorneys were ineffective because they failed to conduct a proper investigation, failed to move for a directed verdict, and failed to understand the law applicable to the case. Concerning the alleged failure to properly investigate, the record before us is silent as to the extent of counsel's investigation. We cannot discern what investigation was performed or not performed, and we cannot presume that no investigation was made. When the record is silent as to the extent of counsel's investigation, the first prong of *Strickland* is not met. *See, e.g.*, *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Cantu v. State*, 993 S.W.2d 712, 718 (Tex. App.—San Antonio 1999, pet. ref'd).

Concerning the failure to move for a directed verdict, Appellant claims there is no evidence that Joe felt harassed, worried, alarmed, abused, tormented, or embarrassed by Appellant's threats to assault or murder Jane and that, therefore, his trial counsels' performance was deficient for not moving for a directed verdict based on lack of evidence of this element of the offense. *See* Tex. Penal Code Ann. § 42.07 (West 2011) (setting forth offense of harassment).

7

As pointed out by the State, however, proof of how Joe felt after hearing Appellant threaten to assault or murder Jane is not an element of the offense. Instead, the State was required to prove that *Appellant intended* for his threat to cause Joe to feel harassed, worried, alarmed, abused, tormented, or embarrassed and that the threat was conveyed in a manner reasonably likely to alarm Joe. *See Blount v. State*, 961 S.W.2d 282, 284 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Appellant's intent may be inferred from his words, actions, and conduct. *See id.* Thus, the record before us does not support Appellant's contention that his trial counsels' performance fell below the standard of prevailing professional norms by failing to move for a directed verdict on the ground that no evidence existed that Joe felt harassed, worried, alarmed, abused, tormented, or embarrassed by Appellant's threat.

Concerning the alleged failure to properly understand the case law, Appellant argues that his defense attorneys were ineffective for attempting to mount an intoxication defense when voluntary intoxication is not a defense to any offense. *See* Tex. Penal Code Ann. § 8.04(a) (West 2011) (providing that evidence of voluntary intoxication does not negate the elements of intent or knowledge). Appellant's attorneys questioned him on direct examination about his use of medications and alcohol on the night that he made the threats in the phone conversation with Joe; Appellant testified that he had very intense feelings of missing his son and that the medications and alcohol intensified his feelings and impaired his judgment at the time he had the conversation with Joe. The

8

State failed to request a jury instruction on voluntary intoxication, and Appellant's trial attorneys were able to argue during closing argument that Appellant had taken medications, had been drinking alcohol, and "was overwrought and making some bad choices, but it was not his intent to harm anyone." Reviewing the record before us, giving deference to counsel's performance, and indulging in a strong presumption that counsels' conduct fell within a wide range of reasonable representation, we hold that Appellant has not shown by a preponderance of the evidence that his counsels' decision to argue intoxication fell below the standard of prevailing professional norms.

Finally, Appellant argues that the totality of these errors by counsel resulted in ineffective assistance of counsel. Because we have held that the record before us does not support a conclusion that the complained-of conduct by Appellant's attorneys fell below the standard of prevailing professional norms, the alleged conduct cumulatively did not fall below the standard of prevailing professional norms. *See Rodriguez v. State*, 336 S.W.3d 294, 303 (Tex. App.—San Antonio 2010, pet. ref'd) (holding that because "appellant did not meet her burden of establishing individual instances of ineffective assistance of counsel, we hold that she cannot show an adverse cumulative effect from the actions of trial counsel"). We overrule Appellant's second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 5, 2012