STATE of Missouri, Respondent,

v.

Willis J. WILLIAMS, Appellant.

No. KCD 28152.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Robert Beaird, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Douglas Mooney, Asst. Atty. Gen., for respondent.

Before TURNAGE, P. J., and ROBERT R. WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by a jury of possession of more than 35 grams of marijuana. §§ 195.017, 195.200, RSMo 1969. The

questions are whether the court abused its discretion in excusing a venireman and in limiting defendant's right of cross-examination. Affirmed.

Appellant does not attack the sufficiency of evidence to sustain the conviction. The record contains evidence to show that: On November 1, 1974, at around 10:00 p. m., Patrolman Ronnell Foster, while engaged in a pedestrian check in front of the Byron Hotel, 29th and Prospect, Kansas City, Jackson County, Missouri, observed defendant walking toward him with a clear plastic bag protruding from under his jacket. The bag contained a green, leafy substance which he believed to be marijuana. Patrolman Foster called to defendant as he passed on the sidewalk. Defendant turned and started to run. Patrolman Foster grabbed defendant and spun him around against his patrol car, and defendant crouched down and dropped the bag next to the police car. Patrolman Foster arrested defendant and found an additional bag of marijuana in defendant's jacket pocket. Chemical analysis of the two bags by Gary Bafus of the Regional Crime Laboratory showed that they contained a total of 205.7 grams of marijuana.

Defendant denied possession of the marijuana, and asserted he was manhandled without provocation. Jacquliene Williams, Mary Armstrong, Elaine Davis, and Paul Sutherland stated that defendant did not have any marijuana on him during the evening in question.

Appellant charges the court abused its discretion and erred in excusing Venireman McCrary "because there was no evidence * * * indicating that said Venireman was in any way unqualified to serve as a juror."

The voir dire examination contained the following:

"MR. ELY [for the State]: * * * Now, in this particular case I have one question * * *. That question involves the very reason why we are here; marijuana. Now, is there any member of the jury panel who feels for any reason that marijuana or the possession and use of marijua-na, should be decriminalized; that it should have no criminal penalty? * * *

"VENIREMAN: Sandra S. Clayton. * * *

"MR. ELY: Now, Mrs. Clayton, since you feel that marijuana should be decriminalized would you be able to listen to the evidence in this particular case, and if you were instructed, as you will be, by the Court, if you were to sit as a juror, that upon a finding of guilty, that this particular defendant had marijuana in his possession, that you would have to impose some sort of criminal penalty and that criminal penalty would range from one day to one year in the county jail, or a fine fixed by you but not to exceed $1,000, or from two years to five years in the Missouri State Penitentiary? Now in light of the fact that you believe it should be decriminalized, would you assess such a penalty? VENIREMAN CLAYTON: I'm not sure I would.

"THE COURT: All right, Mrs. Clayton. You will be excused.

"MR. ELY: Is there any other person who feels the same way * * * *? VENIREMAN McCRARY: Yes. MR. ELY: Do you feel the same way? VENIREMAN McCRARY: Very same way.

"MR. BEAIRD [for Appellant]: Your Honor, could I engage in a preliminary question before he is struck for cause? THE COURT: Very well. * * * MR. BEAIRD: The prosecutor has outlined the bounds of punishment here. Now, let me be certain of this. If you felt that after the evidence was in and a verdict of guilty was warranted—in other words, there was a law existing against possession of marijuana, and it was proved that Mr. Williams did have this marijuana, could you then bring in a punishment of, say, ten dollars? VENIREMAN McCRARY: Yes.

"MR. BEAIRD: Based on this, Your Honor, it is the defendant's position that he is capable of returning a verdict within the range of punishment and cannot be properly struck for cause. THE COURT: I don't agree with you, counsel. Mr. McCrary, you are excused."

Appellant argues that it was "imperative to ask whether [Mr. McCrary's] general philosophical position would preclude his following the law as given to him in the instructions. Such a question was not forthcoming from either the State or the Court [or from the defendant]. * * * The question of whether the venireman would have shunned a higher penalty was never presented; the Court's arbitrary action terminated all further inquiry." He argues also that the court's action gave the panel an impression that the only proper penalty was jail time and thereby deprived him of an impartial jury.

■ Appellant cites the general rule that: "Ordinarily an opinion as to the penalty that should be imposed in case accused is guilty does not disqualify a juror * *." 50 C.J.S. Juries § 245, p. 1000. More important to the resolution of the issue in this case are the rules that the trial court is vested with discretion in determining competence of jurors; that its rulings need not be limited to strict terms of governing statutes; that a juror may be excluded if he lacks any of the ordinary qualifications which the court in its discretion may deem sufficient to render him an impartial juror, *State v. Lewis*, 323 Mo. 1070, 20 S.W.2d 529 (1929); and that the trial court has discretion in determining qualifications of jurors and its decisions will not be disturbed unless such discretion was abused, *State v. Boothe*, 485 S.W.2d 11 (Mo. banc 1972).

Mr. McCrary's adoption of the position of his fellow venireman shows a personal and philosophical difficulty in dealing with a prosecution for possession of marijuana. His expressed willingness to impose a fine of $10 in a case in which he was advised that punishment ranged from imprisonment for two to five years or jail confinement for one day to one year, or a fine not to exceed $1,000, or both such fine and confinement, did not demonstrate that he was able to consider the full range of punishment or to follow the court's instructions; and there is no indication that counsel was precluded from further pursuit of the matter.

■ Accordingly, it may not be said that the court abused its discretion in excusing Mr. McCrary for cause. *State v. Boothe*, supra. See also *People v. Asher*, 32 Mich. App. 380, 189 N.W.2d 148 (1971), which was also an appeal from conviction of possession of marijuana and appellant charged that the court erroneously excluded a venireman for cause when she advanced an opinion that marijuana was not a dangerous drug and, as a result, she would have difficulty enforcing the drug laws. The court held that the trial court's concern that such venireman's distaste for the drug laws would have influenced her decision was legitimate and well founded. In its denial of appellant's position, the Michigan court considered *Witherspoon v. State of Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), cited also by Appellant Williams, and found that it did not control the present question. The court held also that a "Defendant's right to an impartial jury does not encompass the right to a juror who would find it difficult to convict defendant under any circumstances." 189 N.W.2d l.c. 153[6].

Appellant charges the court erred in sustaining a State's objection to defense counsel's cross-examination question of Patrolman Foster.

Appellant asserts that part of his defense was that Patrolman Foster planted marijuana on the defendant as a "cover-up" of an unprovoked attack. The following occurred.

"Q. (By Mr. Beaird) * * * have you ever carried marijuana in your car?

"MR. ELY: Objection, Your Honor. The same objection. It is an insult to this officer's credibility and his honesty to suggest some of the things that Mr. Beaird is, at least, attempting to suggest. THE COURT: I don't know what he had in mind but the objection is sustained.

"MR. BEAIRD: That's all the questions I have."

Appellant concedes his question "could have been more artfully put, but, neverthe-

less * * * feels that it was quite evident what the import of the question was intended to be." He argues that the court so unreasonably and narrowly confined his cross-examination as to frustrate the search for truth. See, e. g., *State v. Summers*, 506 S.W.2d 67 (Mo.App.1974), where cross-examination of self-confessed accomplice witnesses directed toward showing that they had committed criminal offenses, the common method of attacking their credibility, was unduly limited by sustaining State's objections to such questions.

The cross-examination question in issue is vague so as to warrant the court's statement of a lack of understanding. The court did not refuse counsel further questions which might have clarified his purpose, and, without further indication of purpose, it may not be said that the sustained objection precluded an attempt to show a plant of evidence or a cover-up. Accordingly, it may not be said that the trial court acted outside the discretion accorded in control of cross-examination. *State v. Winn*, 324 S.W.2d 637 (Mo.1959); *State v. Johnson*, 486 S.W.2d 491 (Mo.1972); *State v. Summers*, supra; *United States v. Hester*, 465 F.2d 1125 (8th Cir. 1972); *United States v. Cole*, 449 F.2d 194 (8th Cir. 1971).

Judgment affirmed.

All concur.