STATE of Missouri, Respondent,

v.

Jimmy Earl HARDIN, Appellant.

No. KCD 29134.

Missouri Court of Appeals,
Western District.

April 30, 1979.

C. Michael Fitzgerald, Warrensburg, for appellant.

John Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Defendant appeals his jury conviction for manslaughter and the resultant sentence of six years. Affirmed.

The evidence established and defendant did not dispute that the victim met his death as an immediate result of gunshots fired at him by the defendant. The factual issue was self-defense.

On the evening of the occurrence, the defendant and the victim had argued over dance music being played at a tavern. No physical contact was made and defendant, being displeased with the treatment he had received, left to seek entertainment elsewhere. Later, however, defendant returned and exchanged further words with the victim whereupon defendant and his friends were escorted by a tavern employee outside to a parking lot.

The dispute and defendant's re-entry to the tavern continued in a debate with the tavern employee and, while this conversation was in progress, the victim emerged from the tavern. Remarks which were directed toward the victim from the group where defendant was standing produced a further verbal exchange. As the victim walked toward defendant, the latter drew a .25 caliber handgun from his rear pocket and commenced firing. Four chest wounds were inflicted on the victim, two of which were fatal.

Defendant first asserts that his cross-examination of witness Bruce Reed, the tavern employee, was improperly limited by the trial court and that his right of confrontation was thereby abridged. The specific subject of inquiry was the attitude, movement and appearance of the victim as he approached the defendant in the parking lot.

Witness Reed, on direct examination, testified that immediately before the shooting the victim was moving toward the defendant at a slow walk and that he was not in a "stance" or "crouch". On cross-examination, defendant's counsel asked Reed if he would characterize the walk of the victim as a "controlled walk". Objection to this question as calling for a conclusion by the witness was sustained.

Defendant contends that his inquiry as to "controlled walk" was relevant to the issue of self-defense and that refusal of the trial court to permit the question denied defendant the right to confront the state's witness. This assignment of error fallaciously assumes (a) that relevancy was the ground on which the objection to the question was sustained, and (b) that the ruling of the trial court precluded any cross-examination of the witness as to the appearance and demeanor of the victim.

The trial court is afforded wide latitude in the exercise of its discretion to control cross-examination. Appellate courts will interfere only upon a clear showing of abuse of discretion. *State v. Howard*, 564 S.W.2d 71 (Mo.App.1978). The court did not refuse counsel the opportunity to restate the question or clarify the purpose and, hence, it may not be contended that sustaining of the objection precluded an attempt to portray the physical posture of the victim as an aggressor. Where defendant chose to stand on the single question to which the objection was sustained, it may not thereby be concluded that the trial court has abused its discretion. *State v. Williams*, 538 S.W.2d 947 (Mo.App.1976).

The record here indicates only the sustaining of the single objection, not on grounds of relevancy but because the term employed in the question, "controlled walk," was uncertain and conclusionary. Defendant was thereafter entitled to rephrase the question or pose other questions related to the victim's appearance and ac-

tions but, for reasons not appearing in the record, elected to abandon this line of inquiry. No abuse of discretion by the trial court is shown.

Defendant's next point suggests error in a question asked of state's witness Pirch and his response, to both of which defendant objected. The question asked the witness, who was a deputy sheriff, what defendant had told him regarding the shooting of the victim. The answer was, "[t]hat, well, he knew he shot the man, that he knew it was wrong; he said he knew that he was going to the penitentiary for life." The grounds of alleged error are that the question was framed to permit a narrative response precluding defendant from making specific objections and that the answer was narrative and included irrelevant and prejudicial matter.

 Even were it assumed that the question asked of witness Pirch did in some degree countenance a narrative response, no absolute rule prohibits such testimony. Rather, the restriction upon the form of examination and testimony of witnesses is left to the discretion of the trial court and will be reviewed only for abuse. *State v. Wren*, 498 S.W.2d 806 (Mo.App.1973). Neither the question nor its consequence viewed from the response obtained indicate any abuse of the trial court's discretion.

The statement attributed to defendant in which he acknowledged his guilt and recognized the consequences was admissible as an admission and was therefore not irrelevant. A statement which manifests a consciousness of guilt is an admission against interest. *State v. Hindman*, 543 S.W.2d 278, 284 (Mo.App.1976). If the statement is admissible as an admission, defendant is not entitled to complain that it was prejudicial. *State v. Patterson*, 516 S.W.2d 571, 573 (Mo. App.1974). Indeed, the very purpose of offering the statement is that it tends to prove the guilt of the defendant and will always be prejudicial in that sense. *State v. Gregg*, 399 S.W.2d 7 (Mo.1966).

Finally, defendant contends that Rule 25.34 and the requirement that he disclose prior to trial the names and addresses of witnesses he intended to call violated "the work product doctrine and the attorney-client relationship". This issue was extensively examined by this court in the opinion rendered January 29, 1979 in the case of *State v. Roseman* (KCD 29,657) (Mo.App.1979) *. Suffice it to say that disclosure here of the names of witnesses to be called by the defense did not reveal any opinions, theories or conclusions of defendant's attorney, did not disclose any communication between defendant and his attorney and therefore reliance on work product and confidential communications doctrines is inapplicable.

The judgment is affirmed.

All concur.

---

**\* Editor's Note.** The opinion referred to was withdrawn by the court and a new opinion was filed June 11, 1979; it appears at 583 S.W.2d 232.