STATE of Missouri, Respondent,

v.

Grayling Dennis SMITH, Appellant.

No. 50468.

Missouri Court of Appeals, Eastern District, Division Two.

March 11, 1986.

Motion for Rehearing and/or Transfer Denied April 8, 1986.

Application to Transfer Denied May 13, 1986.

Andrew G. Hernandez, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of burglarizing an apartment at 50 Plaza Square, St. Louis, Missouri. He was sentenced by the court as a persistent offender to fifteen years imprisonment. We affirm.

■ The defendant asserts he was entitled to a judgment of acquittal at the close of the state's opening statement because the state had failed to state a crime occurred in the City of St. Louis. Section 546.070 RSMo Supp.1984 requires the prosecution to open the case by stating the case and offering the evidence in support of the prosecution. But, it is not necessary for the state to state venue facts on opening statement. *State v. McAllister*, 468 S.W.2d 27, 29 (Mo.1971). In any event, the state stated the burglary occurred at 50 Plaza Square, Apt. 291. Defendant was fully informed of the facts relating to venue since the case was being tried in the City of St. Louis.

■ Defendant asks review of his Point Relied On II under plain error. Defendant asserts manifest injustice occurred when a police officer testified defendant upon being stopped by the police immediately after the commission of the crime spontaneously said he had just returned from the penitentiary and was not going back. See *State v. Hardin*, 581 S.W.2d 67, 69 (Mo.App.1979); *State v. Williams*, 673 S.W.2d 32, 34 (Mo.

banc 1984) and *State v. Perkins*, 680 S.W.2d 331, 334 (Mo.App.1984). There was no plain error.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.