**Michael FOOTE, Relator,**

v.

**Honorable Michael HART, Circuit Judge, Twenty Second Judicial Circuit, Respondent.**

No. 52466.

Missouri Court of Appeals, Eastern District, Division Three.

March 3, 1987.

Motion for Rehearing and/or Transfer Denied April 1, 1987.

Application to Transfer Denied May 19, 1987.

Kevin Curran, Gina Shimeall, St. Louis, for relator.

Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relator seeks our writ prohibiting respondent from ordering the production of notes recorded by relator's attorney and her investigator regarding their interview of a state's witness. In the underlying case relator is accused of murder in the first degree. In preparation for trial relator's attorney and her investigator, one Jerry Wilson, interviewed a ten year old juvenile endorsed as a state's witness. Apparently no verbatim record or formal written statement was made, but both the attorney and Wilson made handwritten notes during the interview. Upon the refusal of relator's attorney to produce these notes the assistant circuit attorney filed a written motion alleging "that the defendant's refusal to disclose notes summarizing ex parte statements obtained from the state's witnesses and the notes of impeachment witnesses who can reasonably be expected to testify ... constitute[s] a violation of the rules of discovery (Sup.Ct.Mo.Rules 25.-05(A)(2, 3) and certainly the spirit of discovery." After an in camera inspection of these writings, respondent ordered they be disclosed to the state with minor exceptions found to be work product. Relator then brought this proceeding. We issued our preliminary rule in prohibition which we now order quashed.

In his order respondent concluded that the possibility the investigator might be called as an impeachment witness required that he be considered a witness the defendant "intends to call" under Rule 25.-05(A)(2). Based on this conclusion respondent ordered relator to disclose the notes of the statement made by the juvenile. We cannot agree that the rule relied upon by respondent provides support for his order. Rule 25.05(A)(2) provides that upon written request by the state the defendant shall disclose "[t]he names and last known addresses of persons, other than defendant, whom defendant intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements,

and existing memoranda reporting or summarizing part or all of their oral statements." The juvenile is not a witness whom the defendant intends to call. Therefore, Rule 25.05(A)(2) has no application to memoranda reporting or summarizing his statement. *See State ex rel. Richardson v. Randall,* 660 S.W.2d 699, 701 (Mo. banc 1983).

■ Respondent expressly found that Wilson was a "possible" witness. It has not been suggested he has made a written statement or that any memorandum reporting his oral statement exists. Moreover, we believe that a mere possibility a witness may be called for the purpose of impeaching another witness by means of what may be a prior inconsistent statement is entirely too speculative to support a conclusion that the former is a witness the defendant "intends to call" as that phrase is used in Rule 25.05(A)(2). Usually it is impossible to determine in advance with any degree of certainty that a witness will testify to facts contrary to those given in a pre-trial statement. Even more unforeseeable is that the witness, when confronted with the prior inconsistent statement, will persist in his disavowal. Both of these factors must exist as a foundation for impeachment by a prior inconsistent statement. *State v. Graves,* 588 S.W.2d 495, 498 (Mo. banc 1979).

Rule 25 pertaining to pre-trial discovery in criminal proceedings contains parallel subsections imposing reciprocal obligations upon the state and the defendant. Rule 25.03(A)(1) requires the state, without court order, to disclose to the defendant the same data Rule 25.05(A)(2) requires defendant to furnish to the state. Rule 25.03(A)(1) has been construed as imposing no obligation upon the state, without court order, to disclose before trial the names and statements of rebuttal witnesses whose testimony is mere impeachment of defendant's evidence. *See State v. Johnstun,* 674 S.W.2d 86, 90 (Mo.App.1984); *State v. Mitchell,* 622 S.W.2d 791, 797 (Mo.App.1981). In *State v. Willis,* 706 S.W.2d 265, 268 (Mo.App.1986) statements obtained by the state from defendant's witnesses were said to be beyond the scope of Rule 25.03 requiring disclosure without specific motion and order of court. The reciprocity inherent in the criminal rules pertaining to pre-trial discovery mandates that Rule 25.05(A)(2) be similarly construed.

Accordingly, we hold that Rule 25.05(A)(2), like its counterpart Rule 25.03(A)(1), does not require disclosure without court order of witnesses and their statements who may or may not be called for the sole purpose of impeaching an adverse witness by means of a prior inconsistent statement.

■ Our conclusion that respondent improperly relied upon Rule 25.05(A)(2) as the basis for the disputed order does not end our inquiry. Rule 25.06(A) and its counterpart Rule 25.04(A) vest discretion in the trial court to order disclosure of relevant and material information not covered by Rules 25.05 and 25.03 when specifically requested by written motion. The disputed order in this case was issued in response to a written motion by the state seeking disclosure of notes and memoranda summarizing statements of witnesses for the state. Respondent, after in camera inspection of the documents, determined the request was reasonable and ordered disclosure of those portions of the documents which he determined did not constitute work product. Thus, despite the reference to Rule 25.05(A)(2) in respondent's order, the record before us clearly demonstrates that in fact he did undertake the exercise of discretion contemplated by Rule 25.06(A). We find no abuse thereof.

■ In *State v. Carter,* 641 S.W.2d 54 (Mo. banc (*cert. denied,* 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1982)) the Supreme Court upheld as a proper exercise of discretion under Rule 25.06(A) an order compelling a defendant to disclose information pertaining to his examination by a psychiatrist whom, since his report was unfavorable, the defendant had no intention of calling as a witness. We believe respondent in the instant case similarly exercised sound discretion under the same rule with regard to information relating to a witness whom the defendant may call.

After examining the notes in camera, aware of the disclosure by the state to the defendant of the statement given to the state's investigators by the juvenile witness, respondent determined the request for disclosure of the notes with minor deletions found to be work product was reasonable. This procedure evidences the "balancing [of] the respective interests of the State and the defendant in disclosure or nondisclosure" called for by *State v. Carter*, 641 S.W.2d at 58. It is not our function in considering a petition for writ of prohibition to second-guess the exercise of discretion by the trial court. *See Jones v. Corcoran*, 625 S.W.2d 173, 174 (Mo.App. 1981).[1]

The principle of reciprocity in pre-trial discovery in criminal proceedings was established by *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.E.2d 82 (1973). There the court stated "it is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the state." *Wardius*, 412 U.S. at 476, 93 S.Ct. at 2212–13. Reciprocity demands similar consideration of the motion by the state here for disclosure of specified information.

■ We are compelled to reject relator's contention that the notes and memoranda of the statements of the juvenile witness are protected from disclosure as work product. As distinguished from civil procedure where the term "work product" has been more literally treated as applying generally to the results of the efforts of attorneys or investigators, in criminal procedure the term has been very narrowly defined as applying only to "opinions, theories or conclusions of defendant's attorney ... [and] communications between defendant his attorney." *State v. Carter*, 641 S.W.2d at 59 (quoting from *State v. Hardin*, 581 S.W.2d 67, 69 (Mo.App.1979)). Such matters were

ordered excised before disclosure after respondent's in camera inspection.

Relator's reliance on *U.S. v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) is misplaced. *Nobles* does not involve pre-trial discovery. Statements taken by attorneys or investigators are protected from pre-trial discovery under Rule 16 of the Federal Rules of Criminal Procedure. Missouri has opted for more open discovery and Rule 25 of the Missouri Rules of Criminal Procedure compels disclosure of such statements. *Nobles* does stand for the proposition that no constitutional rights of a defendant are violated by requiring disclosure of the work product of the defendant's attorney when required under the appropriate rules.

Having found support for respondent's order under Rule 25.06(A) we find our preliminary writ was improvidently issued and it is ordered quashed.

SNYDER, C.J., and SMITH, J., concur.

---

1. The soundness of this principle is illustrated by this case. We have reviewed the disputed documents, filed under seal, as an exhibit. To us the notations are meaningless. However, to a trial judge, more familiar with the facts of the case and particularly the statement taken by the state from the same witness which had been furnished to the defendant, the value and import of the notes are more readily apparent.