**STATE of Missouri, Respondent,**

v.

**Andre MOSLEY, Appellant.**

**No. 72246.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 18, 1998.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals convictions and sentences on charges of murder first degree, section 565.020 RSMo 1994; robbery in the first degree, section 569.020 RSMo 1994; and, two counts of armed criminal action, section 571.015 RSMo 1994. The court sentenced defendant to serve life imprisonment without the possibility of probation or parole, one consecutive life imprisonment and two concurrent terms of life imprisonment. He argues four points of trial court error: (1) the evidence did not support submission of the charges to the jury; (2) it allowed the state to engage in prosecutorial misconduct regarding a witness through threats of criminal charges and/or promised immunity; (3) it permitted the state to incorrectly define deliberation; and, (4) it permitted the state to conceal statements of two alibi witnesses. We affirm the convictions and sentences.

■ Defendant's first argument of error relates to denial of motions for judgments of acquittal at the close of the state's case and at the close of all the evidence. Specifically, he argues there was insufficient evidence to support a finding that he committed the murder or forcibly stole money, drugs and guns from the home of the victim, his father-in-law. He admits there was evidence he was with the victim on the day the victim was found in his home, dead from gunshot wounds. He also admits there was evidence that he was previously engaged in selling drugs with the victim and that he left town the day of the incident. However, he contends there was no evidence to support findings he caused the death of the victim or forcibly stole property belonging to the victim.

We review the sufficiency of evidence issue in accord with *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). By the appropriate standard, the evidence was more than sufficient to support the convictions. First, there was direct evidence. Defendant's stepson informed the jury during testimony that defendant told him he committed the crimes. Defendant expressly admitted to his stepson that he shot the victim twice in the back of the head. In support of this direct evidence there was an abundance of circumstantial evidence which supported inferences that defendant committed the charged crimes. After the killing, defendant was seen with the victim's possessions, including the victim's money, guns, crack cocaine and automobile. The guns were the murder weapons. There was evidence to support a finding defendant left the home of the victim in the victim's car and solicited the help of his stepson in covering up the crime and leaving town. There was also evidence that defendant hid the guns

where they were later found. Matters of credibility and incidental inconsistencies in the testimony of state's witnesses were fact issues for the jury. *State v. Williams,* 937 S.W.2d 330, 333 (Mo.App. E.D.1997).

■ Defendant's second point on appeal is the trial court abused its discretion in denying defendant's motion to dismiss because of prosecutorial misconduct in the state's effort to obtain the testimony of a witness. Defendant relies on events that occurred out of the hearing of the jury. He argues that the state threatened a reluctant state's witness with prosecution of criminal charges and/or promised immunity from prosecution for any crimes that the witness may acknowledge while testifying.

The proposed witness indicated he would assert Fifth Amendment rights, if called. The trial court conducted a voir dire of the witness outside the presence of the jury. The state assured the court there was no reason to believe the proposed witness was somehow connected with the charged crimes. The state also indicated that it informed the proposed witness there would be no questions concerning "any possible crimes; and that, if he admitted ... any crimes while on the stand, that we were not in the business of prosecuting him." Ultimately, the court found the witness was not a target of this or any other criminal investigation with respect to what he saw the day of the murder. It required the state to write down exactly what questions it proposed to ask the witness. The witness thereafter testified he saw defendant get into the victim's automobile and drive off between 1:00 and 2:00 p.m. on the day of the shooting. The testimony reinforced other evidence offered by the state.

We conclude the events that occurred out of the hearing of the jury do not support a finding of improper threat or a grant of immunity. The subject of the evidence was simple and uncomplicated. There is no factual basis to support a finding that the testimony was the product of either fear or favor. We find no error attributable to the ruling of the trial court and no prejudice to defendant. Defendant's reliance on *State v. Grays,* 856 S.W.2d 87 (Mo.App. E.D.1993) and *State v. Drewel,* 835 S.W.2d 494 (Mo.App. E.D.1992) is misplaced. This court held in those cases that a prosecuting attorney who intimidates or threatens a witness to prevent testimony which may benefit the defense, is guilty of conduct which may deny a defendant his Sixth Amendment right to present defense witnesses and may require a new trial. The decisions in those cases have no application to the present facts. Point denied.

■ Defendant's next point is the trial court plainly erred when it permitted the state to incorrectly define "deliberation" during closing argument. The focus of his argument is the state argued in its closing:

... deliberation. [That] means cool reflection upon the matter for a period of time, no matter how brief, seconds, milliseconds, a minute, two minutes.....

Bottom line, all that means is the ability to make choices, ....

. . . .

... What deliberation basically is is, [sic] like, you're all human beings and you have free will. You make choices.

He made a choice.... He made a choice....

. . . .

... He made a deliberate choice to be there.

He made a deliberate choice to pick up not one but two guns. He made a deliberate choice, because he knew these weapons were loaded, to fire one shot from this gun and one shot from this gun in his head ... in his head where he knew it would kill him. He made a choice. He made a choice to do that because he wanted the money and the cocaine that this guy had.

We find no plain error. There are no extraordinary circumstances to justify reviewing this argument as a matter of plain error as required by *State v. Silvey,* 894 S.W.2d 662, 670 (Mo. banc 1995). The court correctly defined deliberation in its instructions. Defendant found no need to object to the manner of argument on the issue of deliberation. He also failed to raise this issue in his motion for new trial. We find no reasonable probability that the argument could have caused a manifest injustice or miscarriage of justice, a requirement we recognized in *State v. Baller,* 949 S.W.2d 269, 272 (Mo.App. E.D.1997). Point denied.

■ Finally, defendant argues for a new trial because the trial court abused its discre-

tion in overruling a motion to dismiss because the state failed to disclose statements from two alibi witnesses. Defendant contends the state violated Rule 25.03 when it failed to disclose interviews with his proposed alibi witnesses. Rule 25.03(A)(1) imposes a mandatory duty on the state, upon written request of defendant, to provide "names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda reporting or summarizing part or all of their oral statements." The subject witnesses were not witnesses that the state intended to call and their statements were not within the mandate of the rule. *State v. Willis,* 706 S.W.2d 265, 267 (Mo.App. 1986). We recognized this in *Foote v. Hart,* 728 S.W.2d 295, 297 (Mo.App.1987).

The convictions and sentences are affirmed.

ROBERT G. DOWD, Jr., C.J., and PUDLOWSKI, J., concur.