**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Dustin M. BARTLIK,
Defendant/Appellant.**

**No. ED 95980.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 28, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 2012.

Matthew Ward, Columbia, MO, for appellant.

Chris Koster, Attorney General, John Winston Grantham, Assistant Attorney, Jefferson City, MO, for respondent.

---

**KATHIANNE KNAUP CRANE,** Presiding Judge.

Defendant, Dustin M. Bartlik, appeals from a judgment entered upon a jury verdict finding him guilty of two counts of sale of a controlled substance, in violation of section 195.211 RSMo (2000)[1], arising out of two separate heroin transactions with an undercover detective and a confidential informant. The trial court found defendant to be a persistent drug offender and sentenced him to fifteen years imprisonment on each count, to be served concurrently. For his sole point on appeal, defendant contends that the trial court plainly erred in overruling his motion to disclose the confidential informant. We affirm.

Detective James Meyer of the St. Charles County Sheriff's Office learned from a confidential informant that defendant was selling heroin. He arranged a meeting of himself, the confidential informant, and defendant for Det. Meyer to purchase heroin from defendant. On July 20, 2009, Det. Meyer drove to a parking lot with the confidential informant in his passenger seat. Defendant, who was not alone in the vehicle, drove up to the passenger side of the detective's car, spoke with the confidential informant, and handed the confidential informant a bag of heroin. The confidential informant handed the bag of heroin to Det. Meyer, who gave $100 to the confidential informant. The confidential informant then gave the money to defendant. Det. Meyer and the confidential informant arranged another meeting with defendant to purchase heroin at the same parking lot on August 4, 2009. On that date, defendant arrived first and had exited his car, and, when Det. Meyer and the confidential informant arrived, defendant approached the passenger side of the detective's vehicle on foot. Defendant

---

**1.** All further statutory references are to RSMo (2000) unless otherwise indicated.

removed a plastic bag containing heroin and handed it to the confidential informant, who handed it to Det. Meyer. After Det. Meyer inspected it, he handed $100 to the confidential informant, who handed it to defendant.

Defendant filed a pretrial motion to disclose the identity of the confidential informant. The grounds stated for the motion were:

1. A confidential informant was used to supply information forming the basis for issuance of a warrant, including reportedly witnessing delivery of drugs from Defendant to a police officer.

2. The confidential informant is a material witness to the alleged illegal activities of Defendant.

3. The Defendant will be deprived of his rights to confrontation and cross-examination, due process of law, effective assistance of counsel, and a fair trial, under U.S. Const., Amends. V, VI, and XIV, and Mo. Const., Art I, §§ 10 & 18(a), if he is not allowed disclosure of and access to this witness.

At the hearing on the motion, Kristina Olson, attorney for defendant, and Tanya Muhm, the assistant prosecuting attorney, made the following arguments:

MS. OLSON: And Judge, I filed a motion to disclose the confidential informant in the case. Essentially, Judge, according to the police report and Detective Meyer, says that the sales that my client is charged with were coordinated by a confidential informant who is referred to as No. 1302 in the police report and it was apparently based on information from the confidential informant that this all took place and the confidential informant is listed in the police report as being present at the transaction, and we would like the opportunity to talk to this person and find out what he knows and also determine whether he had an agreement with the State, information along those lines. We have not been provided with anything.

MS. MUHM: The officer was the witness. The State is entitled to call whatever witnesses they intend at trial. The officer will testify from personal knowledge, not necessarily from the confidential informant. This was something that was recorded. A copy was provided to the defense. They have all the information available to subpoena their own witnesses if they so desire.

MS. OLSON: We don't have the name or address of contact information of the confidential informant. And the CDs of the transactions that I received are totally inaudible.

MS. MUHM: The officer will be testifying from personal knowledge.

The trial court then denied the motion to disclose.

The case was tried on September 22, 2010. The state did not call the confidential informant. Defendant did not offer any evidence or call any witnesses. In closing argument, defense counsel argued that the detective's failure to photocopy the buy money, make a video recording, and turn the car radio down while making the audio recording, and his delay in seeking the charges showed police incompetence and inadequate proof.

After the jury returned its verdict, the trial court gave defendant ten additional days to file a motion for new trial. On October 18, 2010, defendant filed a timely motion for new trial, but he did not seek a new trial on the ground that the trial court erred in denying defendant's pretrial motion to disclose the identity of the confidential informant. At the sentencing hearing on December 1, 2010, defense counsel

said defendant wanted to add failure to disclose the identity of the confidential informant to his new trial motion. The trial court denied the motion for new trial.

 "The time limitations in Rule 29.11(b) for filing a motion for new trial are mandatory." *State v. Langston*, 229 S.W.3d 289, 294 (Mo.App.2007). A trial court has no authority "to waive or extend the time for filing a motion for new trial beyond that authorized by Rule 29.11(b)." *Id.* A motion filed after the maximum time is a nullity. *Id.* Rule 29.11(b) allows only one 10–day extension of the 15–day period to file a motion for new trial. In this case, after the 10–day extension was granted, October 18, 2010, became the last day a new trial motion could be filed. Defendant's December 1, 2010, oral request to add a ground to the motion for new trial was a nullity.

 The purpose of a motion for new trial "is to allow the trial court the opportunity to reflect on its action during the trial." *Nguyen By and Through Nguyen v. Haworth*, 916 S.W.2d 887, 889 (Mo.App. 1996). It is a "time honored fundamental principle of appellate procedure" that a trial court "must be given an opportunity to review and correct its own errors before the aid of an appellate court can justly be involved." *State ex rel. Morton v. Cave*, 359 Mo. 72, 220 S.W.2d 45, 49 (Mo. banc 1949). It allows a judge to correct his or her own errors "without the delay, or expense, or other hardships of an appeal." *Fruit Supply Co. v. Chicago B. & Q.R. Co.*, 119 S.W.2d 1010, 1011 (Mo.App.1938). A trial court "is far better able to judge whether the trial has been fair than is the court that reviews the record." *Benjamin v. Metropolitan Street Ry. Co.*, 245 Mo. 598, 151 S.W. 91, 97 (1912).

 Because defendant did not include this error in a timely motion for new trial, this error is not preserved and our review, if any, is only for plain error. *State v.*

*Young*, 230 S.W.3d 30, 32 (Mo.App.2007); *State v. Hopson*, 168 S.W.3d 557, 565 (Mo. App.2005). We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. Rule 30.20; *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006); *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998). On direct appeal, plain error can serve as the basis for granting a new trial only if the error was outcome-determinative. *Baxter*, 204 S.W.3d at 652.

 A defendant bears the burden of showing that plain error has occurred that resulted in a "manifest injustice or miscarriage of justice." *Baxter*, 204 S.W.3d at 652; *State v. Isa*, 850 S.W.2d 876, 884 (Mo. banc 1993). The determination of manifest injustice must be based on a consideration of the facts and circumstances of each case. *Baxter*, 204 S.W.3d at 652; *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991).

"Whether a defendant can have a fair trial without disclosure of the identity of an informant rests within the sound discretion of the trial court." *State v. Myers*, 997 S.W.2d 26, 34 (Mo.App. 1999). "In reviewing a trial court's ruling on this issue, the appellate court must balance the relevance and importance of disclosure to the defense against the State's need for nondisclosure." *State v. Rollie*, 962 S.W.2d 412, 415 (Mo.App.1998). In doing so, "the particular circumstances of a case must be considered including the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors." *Id.* at 415–16. "The burden is open upon the defendant to develop a record showing the need for disclosure." *Myers*, 997 S.W.2d at 34.

*State v. Dowell,* 25 S.W.3d 594, 608 (Mo. App.2000).

There are no extraordinary circumstances in this case to justify reviewing defendant's argument as a matter of plain error. *State v. Mosley,* 980 S.W.2d 1, 3 (Mo.App.1998). We have reviewed the record and do not find that the failure to order the disclosure of the confidential informant was outcome-determinative. Point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

Judge LAWRENCE E. MOONEY concurs.

Judge KENNETH M. ROMINES dissents.

KENNETH M. ROMINES, J.

Respectfully, I dissent. Judge Crane accurately sets out the facts and the law. Where I depart is the application of the plain error rule.

Usually when we are asked to apply the plain error rule the record is bereft of any mention of the issue at pre-trial, at trial, or in any after-trial proceedings. Obviously in such a situation, this court is put in the position of being an original fact finder, a job beyond our province.

As Judge Crane accurately notes, in this case counsel for the defendant filed a pre-trial motion—set out in the opinion—which concisely, and clearly sets out that the informant's information formed a basis for the issuance of a warrant and thus that the informant was a material witness in that the informant was present during the alleged deliveries. Counsel concluded that the failure to allow disclosure would violate defendant's right to confrontation, cross-examination, effective assistance of counsel and a fair trial.

As Judge Crane further notes, a hearing was had on counsel's motion—that hearing is set out in the opinion.

It seems to me that the issue is fairly drawn before the trial court and that we need not speculate as to what a motion not filed, or a hearing not had, would have revealed—the usual "plain error" posture. Here, we know and can fairly judge whether the law has been correctly applied to the facts.

Counsel forgot to put this issue in the motion for a new trial. As the opinion notes, the issue was not raised again until the sentencing hearing. In sum, given our record, I do not believe one procedural error should defeat review.

Particularly this procedural error should not defeat review in that over one year transpired between the last "buy" and trial, the prosecutor articulated *no reason* for nondisclosure, and the one fact witness, Detective Meyer, has his testimony buttressed by the mere existence of an informal who cannot be heard on the tape which was played at trial.

The issue of nondisclosure of an informant by case law rests in the sound discretion of the trial court. In doing so, "the particular circumstances of a case must be considered including the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors." *Id.* at 415–16. "The burden is upon the defendant to develop a record showing the need for disclosure." *Myers,* 997 S.W.2d at 34.

"Communications made by informants to government officials are generally privileged and need not be disclosed." *Rollie,* 962 S.W.2d at 415. The privilege was formulated to encourage citizens to notify officials of crimes, thus promoting effective law enforcement. *Id.* at 415. "The privilege is designed for the protection of the

public interest and not for the protection of the informant." *State v. McElroy*, 894 S.W.2d 180, 186 (Mo.App. S.D.1995). Concepts of fundamental fairness may create exceptions to the privilege rule in circumstances in which disclosure of the informant's identity is essential to enable an accused to adequately establish a defense. *Myers*, 997 S.W.2d at 34.

We review this discretion by balancing the relevance and importance of disclosure to the defendant against the State's need for nondisclosure.

A crucial factor to be considered in determining whether disclosure of the informant's identity may be required is the role played by the informant in the criminal activity. When there is active informant participation plus other factors, such as mistaken identity, contradictory testimony, or a denial of the accusation, or when the informant is the sole witness to the crime charged, then the identity of the informant may be required for purposes of fairness. Other instances where disclosure of the identity of the informant may be required are when the informant is the sole participant, other than the accused, in the drug transaction charged or the informant is the only witness in a position to be called on behalf of the defense.

*State v. Dowell*, 25 S.W.3d 594, 608–09 (Mo.App. W.D.2000) (internal citation omitted).

Given these principles, I do not know what more of a record the defendant in this case could have made. As it is, it is the State that made no record of nondisclosure—other than we will call whomever we want, the officer will testify from personal knowledge (*except when he does not*) "*not necessarily* from the confidential informant," and you have the tape (inaudible though it is).

It seems to me that this case meets the criteria in our cases for disclosure. Given one fact witness and an "analyst," no expressed need for nondisclosure, and the centrifugal nature of the informant's participation, disclosure should have been ordered. To me, the foregoing are substantial grounds under Rule 30.20 for this Court to find that the failure to disclose was manifest injustice.

I would reverse and remand for a new trial, and order disclosure.