DANIEL E. SCOTT, J.
Darla Thomas appeals her DWI conviction, challenging the court's § 577.023 persistent-offender finding and the sufficiency of evidence "of a proscribed substance in [her] body," and alleging a speedy-trial violation.[1]
Background
When stopped for a traffic violation on May 27, 2013, Thomas was hostile and cussed the officer, a drug-recognition expert and field-sobriety test instructor at the police academy. Observing Thomas's dilated pupils and rapid fidgety movements, the officer suspected impairment and administered field-sobriety tests. Thomas failed four tests and passed one, *361 the specifics of which led the officer to believe Thomas was impaired by some drug, not alcohol. He arrested her. She admitted having smoked marijuana and gave a blood sample that tested positive for THC metabolites and indicated that Thomas had ingested a cannabinoid.
Thomas was charged by complaint in July 2013. In October 2013, she was bound over and ultimately charged with felony DWI as a persistent offender based on two prior intoxication-related traffic offenses (IRTOs). After various continuances, the case was tried in April 2017. The court found that Thomas was a § 577.023 persistent offender with two prior IRTOs based on exhibits admitted without objection, including her Department of Revenue driver record. After a jury was seated, both parties called drug-recognition experts and offered other evidence. The jury found Thomas guilty of DWI and she was sentenced to three years in prison.
Point 4 - Sufficiency of Evidence
We take this point first as it fails summarily. Thomas's charge that "evidence did not prove beyond a reasonable doubt the presence of a proscribed substance in [her] body" hinges on evidence and inferences that favor her, but which we ignore in reviewing sufficiency of evidence. Browning , 357 S.W.3d at 233. Jurors reasonably could deduce "the presence of a proscribed substance" in Thomas's body from her admission that she had smoked marijuana and the THC metabolites found in her blood. We deny Point 4.
Points 1 & 2 - Persistent Offender
These challenges to the trial court's persistent-offender finding - specifically that the state did not prove that Thomas had two prior, qualifying IRTOs - are so similar that Point 2's supporting argument repeatedly incorporates Point 1's argument by reference. We take both points together because we find no error, plain or otherwise.[2]
When Thomas was arrested in 2013, first-offense DWI was punished as a class B misdemeanor per § 577.010.2. If the state pleaded and proved Thomas was a persistent offender, then the offense became a class D felony. § 577.023.3. As relevant here, a "persistent offender" was someone who had pleaded guilty to or been found guilty of two or more IRTOs such as DWI and driving with excessive blood alcohol content (BAC). § 577.023.1(1) & (4)(a).
Thomas first challenges one of two IRTOs relied on by the trial court, a 1993 municipal-court BAC conviction, urging there was insufficient proof that she was operating a motor vehicle, that she was represented by or waived counsel, or that she was sentenced or fined within the statute. We disagree. The "Uniform Complaint and Citation" in that case includes a check-box averment that Thomas unlawfully operated a specified vehicle, which is sufficient proof that she did so (see State v. Miller , 153 S.W.3d 333, 337 (Mo.App. 2005) ), and likewise for marked indications that Thomas waived representation by counsel and was fined $200.
Thomas also contends that her prior IRTOs, which both occurred more than five years before this offense, cannot make her a persistent offender. She cites § 577.023's "prior offender" definition (a person who has pleaded guilty to or has been found guilty of one IRTO "where such prior offense occurred within five *362 years" of the currently charged IRTO), then argues
The plain and ordinary meaning and "common sense" interpretation of [§ 577.023's definitions of "prior" and "persistent" offenders] is that in order to enhance a defendant to a persistent DWI offender the state must first prove they are a prior offender and rely on prior alcohol related convictions which are no more than five years old.
Legislative history eviscerates this argument. Years ago, § 577.023 limited persistent-offender-qualifying IRTOs to a ten-year window.[3] Then in 2005, our legislature removed any § 577.023 time limitation for persistent-offender-qualifying IRTOs, while keeping a five-year IRTO window for prior offenders, and has maintained that distinction ever since.[4]
We presume the legislature acts intentionally when it puts language in one section but omits it from another. State v. Meeks , 427 S.W.3d 876, 878 (Mo.App. 2014). "Moreover, even if we thought it should have been included in that subparagraph, courts cannot add words to a statute under the auspice of statutory construction." Id . at 879 (internal quotation marks omitted). Points 1 and 2 fail.
Point 3 - Speedy Trial
Thomas claims the trial court erred in denying her motions to dismiss the case for alleged violations of her federal and state constitutional rights to speedy trial.[5]
Thomas omitted this claim from her motion for new trial, so it "is not preserved and our review, if any, is only for plain error." State v. Bartlik , 363 S.W.3d 388, 391 (Mo.App. 2012).[6] We will not review such a claim "unless there are substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted." Id . It is Thomas's burden to show this. Id . She has not done so. Indeed, she "has not demonstrated that [s]he has been prejudiced, let alone to the level that rises to manifest injustice." State v. Brown , 360 S.W.3d 919, 925 (Mo.App. 2012).
*363 The paramount consideration in a speedy-trial analysis is prejudice to the defendant. See State v. Pate , 469 S.W.3d 904, 909 (Mo.App. 2015). Three factors are considered: (1) oppressiveness of pretrial incarceration; (2) minimization of the defendant's anxiety and concern; and (3) most vital to the analysis, any impairment of the defense. Id . Thomas does not even argue the first or third (most vital) factors. She was not jailed pending trial. More importantly, she does not claim that delay impaired her defense. She argues only the second factor (anxiety and concern), arguably the least important in the analysis. At any rate, "the effects of the delay on [Thomas] are outweighed by the lack of impairment to [her] defense." Id .
Plainly, Thomas has not shown substantial grounds to believe that manifest injustice or a miscarriage of justice occurred. Bartlik , 363 S.W.3d at 391. We need not detail why her speedy-trial claim would fail under full analysis even had it been preserved.[7] Point denied. Judgment affirmed.
JEFFREY W. BATES, J. - CONCURS
MARY W. SHEFFIELD, J. - CONCURS

Cited statutes are to RSMo as amended through 2012 unless otherwise indicated. We view and summarize the record most favorably to the verdict, crediting only evidence and reasonable inferences tending to indicate guilt and ignoring all others. See State v. Browning , 357 S.W.3d 229, 233 (Mo.App. 2012).

Thomas urges that Point 2 is preserved while admitting that Point 1 is not, which is the only real difference between the points that we can discern.

See 1982 Mo.Laws 687 and subsequent § 577.023 amendments in 1991, 1993, 1998, and 2001. See also State v. Gibson , 122 S.W.3d 121 (Mo.App. 2003), which quoted § 577.023 as then defining "persistent offender" as someone " 'who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged. ' " Id . at 127 (our emphasis).

See 2005 Mo.Laws 965-66 and subsequent § 577.023 amendments in 2008, 2009, 2010, 2011, and 2012. The definition was transferred verbatim to § 577.001 effective January 2017. 2014 Mo.Laws 1289-92.

Missouri and federal constitutional speedy-trial protections are equivalent. State v. Sisco , 458 S.W.3d 304, 313 (Mo. banc 2015). Thomas first requested a speedy trial in May 2016, and initially moved to dismiss on that basis on January 4, 2017. On January 20, the court held an evidentiary hearing, declined to dismiss the case, but assigned it to Judge Cox by agreement of the parties for a quicker trial setting. Thomas orally renewed her motion on March 20 before Judge Cox, who instead set a trial to begin exactly one month later. Two days after that ruling (March 22), Thomas again filed a written motion to dismiss. The court denied the motion and tried the case as scheduled April 20-21, 2017.

Thomas asks us to deem it preserved because counsel orally asserted it at the new-trial hearing and the court purported to consider and deny it. We cannot do so; the untimely oral motion was "a nullity." State ex rel. Baker v. Kendrick , 136 S.W.3d 491, 493 (Mo. banc 2004) ; Bartlik , 363 S.W.3d at 391. See also State v. Farris , 877 S.W.2d 657, 659 (Mo.App. 1994) (speedy-trial claim omitted from motion for new trial is not preserved for appeal).

Suffice it to say that, beyond the threshold showing needed to trigger full speedy-trial analysis, there are two other considerations, each less critical than prejudice. One, the reasons for delay, is neutral through the first 34 months of this case and weighs only slightly against the state for the last 11 months. The other, assertion of speedy-trial rights, is a wash because Thomas asserted these rights, which favors her, but took 34 months to do so (75% of case-time), which weighs against her. See State v. Atchison , 258 S.W.3d 914, 920 (Mo.App. 2008). Final balancing of these factors plus prejudice yields a result comparable to those in S isco , Pate , and Atchison , all of which found no speedy-trial violation.