

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD37648
)
JAMES NORMAN HARPER, ) **Filed: May 7, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

The Honorable Laura J. Johnson, Judge

**<u>AFFIRMED</u>**

James Norman Harper ("Harper") appeals the judgment of the Circuit Court of Christian County ("trial court") convicting him of child molestation in the second degree. *See* section 566.068.[1]  Raising one point on appeal, Harper argues the trial court plainly erred in allowing the State to introduce evidence of his uncharged sexual misconduct because this evidence overshadowed the evidence of the charged crime and likely encouraged the jury to convict him for an offense for which he was not charged.  We decline to review this point for plain error and affirm the trial court's judgment.

---

[1] All references to statutes are to RSMo 2016, including the changes effective January 1, 2017, unless otherwise indicated.

**Factual Background and Procedural History**

Harper's neighbor, A.C. ("Neighbor"), began babysitting K.M. ("Victim") and K.M. ("Victim's sister") in April of 2019 after their stepfather, Harper, started going to work during the daytime. Victim was five years old at this time. While Neighbor was babysitting, another girl at Neighbor's house told her Victim was "touching on himself[.]" Victim said, "Daddy does that to me," pointed towards his penis, and told Neighbor that he did not like it. Victim further explained that "Daddy" did this to him when his mother was at work. Neighbor reported what she heard to law enforcement.

A police detective and a worker from the Department of Social Services – Children's Division ("Division") conducted a home visit at Harper's residence on April 16, 2019. Victim said to the Division worker, "Daddy told us to tell you no," and he did not want "Daddy" to go to jail. In this instance, "Daddy" referred to Harper. The next day, Victim participated in a forensic interview, wherein he made a disclosure of sexual abuse. He said "Daddy plays with my TP[,]" referring to Victim's penis, and this happened on the couch while they were lying down.

The State charged Harper with one count of child molestation in the second degree. The jury found Harper guilty, and the trial court sentenced him to life in prison. Additional facts will be included below as we address Harper's point on appeal.

**Analysis**

Harper's only point on appeal addresses the trial court's decision to allow the State to present propensity evidence of Harper committing sexual misconduct against Victim's sister. He argues this evidence "consisted of unadjudicated allegations, the State did not present the propensity evidence in a dispassionate way, and the comparative

2

enormity of the unadjudicated allegations drastically outweighed that of the charged offenses." We conclude plain error review is not warranted because Harper has not facially established substantial grounds for believing manifest injustice or miscarriage of justice occurred.

<u>Additional Facts Pertinent to Point I</u>

The State filed an amended motion before trial to admit several pieces of propensity evidence, including Harper's prior conviction for child molestation in the first degree, his admission to touching an unidentified eight-year-old girl during the investigation for his first conviction, and separate statements he made about sexually abusing Victim's sister. Following a hearing on the amended motion, the trial court determined the State could submit all of this evidence at trial.

At the beginning of trial, the trial court admitted a certified copy of Harper's prior child molestation conviction into evidence. The stipulated facts read to the jury explained Harper pled guilty to the offense after he "touched the genitals of J.D., a five-year-old female child[,]" by placing his hand between her legs. George Knowles, a former lieutenant with the Missouri State Highway Patrol, later testified to his involvement in Harper's prior conviction. Knowles contacted Harper as part of an investigation in May of 1998, and Harper admitted to putting his finger in J.D.'s vagina. Harper also disclosed "touching and exploring" an eight-year-old child in this same conversation.

Jason Marcum, a Springfield police detective, testified about the sexual abuse to Victim's sister. Detective Marcum relayed that Harper acknowledged making "sexual contact" with Victim's sister in an interview on October 29, 2019. Specifically, Harper

3

admitted to touching the genitals of Victim's sister in the bathtub, penetrating her vagina with his fingers, attempting to place his penis in her vagina, and calling her vagina a "TP[.]" Harper also indicated he touched Victim's sister on the couch while they were lying down.

Harper later recalled Detective Marcum as a witness to play a video recording of his interview for the jury. After the video finished, Detective Marcum explained another individual and Harper were both suspected of sexually abusing Victim's sister. Victim's sister was five years old at the time of these incidents. Harper had not been convicted of sexually abusing Victim's sister when Harper's trial for abusing Victim occurred.

Standard of Review

Harper acknowledges he failed to preserve Point I for appellate review by not including his claim of error regarding the admission of the State's propensity evidence in his motion for new trial. *See* Rule 29.11(d).[2] We can therefore only review his claims of error, "if at all," for plain error. **State v. Shepard**, 662 S.W.3d 761, 772 (Mo. App. E.D. 2023). Plain error review is discretionary, and this Court will not review a claim under this standard unless it "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." **State v. Perkins**, 640 S.W.3d 498, 501 (Mo. App. S.D. 2022) (quoting **State v. Brandolese**, 601 S.W.3d 519, 526 (Mo. banc 2020)). "The burden of proof falls on the criminal defendant to show manifest injustice entitling the defendant to plain error review." **State v. Johnson**, 675 S.W.3d 620, 625 (Mo. App. S.D. 2023). "The alleged error must be evident, obvious, and clear[,]" *id.*, as well as outcome determinative. **State v. Minor**, 648 S.W.3d 721, 731 (Mo. banc 2022).

---

[2] All rule references are to Missouri Court Rules (2024), unless otherwise indicated.

<u>Harper did not Facially Establish Substantial Grounds for Believing Manifest Injustice</u>
<u>Resulted from the Trial Court's Admission of Evidence of Uncharged Sexual Misconduct</u>
<u>Against Victim's Sister</u>

"Propensity evidence is evidence of uncharged crimes, wrongs, or acts used to establish that [the] defendant has a natural tendency to commit the crime charged." ***State v. Shockley***, 410 S.W.3d 179, 193 (Mo. banc 2013) (internal quotations and citation omitted). The history of American jurisprudence reveals a general prohibition against this evidence in criminal cases. ***State v. Williams***, 548 S.W.3d 275, 281 (Mo. banc 2018). Nonetheless, the Missouri Constitution authorizes the use of propensity evidence when prosecuting sex crimes committed against children. The relevant section provides:

> [I]n prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Mo. Const. art. I, section 18(c). To be admissible under this language, the propensity evidence's probative value must substantially outweigh the danger of unfair prejudice. ***Williams***, 548 S.W.3d at 288 ("[I]t nevertheless is essential that the evidence meet the balancing test for legal relevance set forth in the second sentence of the amendment."). The Supreme Court of Missouri has identified three factors for evaluating the probative value of propensity evidence: (1) whether the evidence is sufficient to prove the defendant committed the prior criminal act; (2) whether the evidence tends to show the defendant actually had a propensity to commit the charged crime based on a consideration of the prior bad act being "highly similar" or "close in time" to the charged conduct; and (3) whether the State has a need for the evidence to prove its case. ***Id.*** at

5

288-89.  When determining the danger of unfair prejudice, courts are to consider:  (1) "whether the jury knows or can fairly infer the defendant was punished" for the past criminal acts; (2) the manner in which the State proves the prior criminal act at trial; (3) the comparative enormity between the prior bad acts and the charged crime; and (4) the manner in which the State uses the propensity evidence.  *Id.* at 290-91.

These factors are "merely illustrative" and not exhaustive of what Missouri courts should review when analyzing the admissibility of propensity evidence.  *Id.* at 288; *see also* **State v. Burge**, 596 S.W.3d 657, 664 (Mo. App. S.D. 2020) ("*Factors are not elements* . . . .").  The probative value of any propensity evidence along with the associated danger of unfair prejudice are case-specific questions, and the weight to be applied to any one factor will likewise vary among cases.  **State v. Robinson**, 662 S.W.3d 120, 125-26 (Mo. App. S.D. 2023).

Harper's argument for plain error review claims manifest injustice resulted from the introduction of Detective Marcum's testimony regarding Harper's sexual abuse of Victim's sister because that testimony presented allegations of untried crimes for which he had not been convicted.  According to Harper, this evidence "*likely* encouraged the jury to convict [him] on the basis that he had escaped punishment for some greater offense against [Victim's] sister[.]"  (Emphasis added).  This claim alone does not facially establish substantial grounds for believing manifest injustice or miscarriage of justice resulted such that further analysis under plain error review is justified.

The trial court instructed the jury that Harper was "on trial only for the offense charged" and specified he could not be guilty "only because [the jury] believe[d] he may have been involved in or committed other offenses or bad acts in the past."  "A jury is

presumed to follow the circuit court's instructions." ***Minor***, 648 S.W.3d at 731; *see also*

***Shepard***, 662 S.W.3d at 771 ("[T]he risk that [the jury] was inclined to convict [the

defendant] for past conduct *rather* than for the crime charged—disobeying the court's

explicit instruction to the contrary—is low."). Aside from speculating the jury was

"likely" encouraged to convict him based upon an uncharged offense, Harper has drawn

nothing from the record to make us doubt the presumption that the jury followed the trial

court's given jury instructions.

To the contrary, we note both parties reinforced the trial court's instructions in

their closing arguments. The State explained the evidence of abuse against Victim's

sister was only relevant "because the law allows us to argue [Harper's] propensity to

corroborate [Victim's] statements." The defense clarified in its own closing, "We're not

here to talk about whether or not [Harper] did anything to [Victim's sister], and that's

really important." These combined efforts negate any likelihood manifest injustice or

miscarriage of justice occurred. *See **Minor***, 648 S.W.3d at 731 (finding no manifest

injustice where the "state and defense counsel repeatedly reminded the jury Defendant

was only on trial for his actions against Child—not any of his actions against any other

person").

In addition, "[p]lain-error review requires that [an] alleged evidentiary error have

a decisive effect on the jury's determination[,]" but Harper cannot demonstrate any

decisive impact from Detective Marcum's testimony.[3] ***State v. Ashcraft***, 530 S.W.3d

---

[3] Harper also amplified any potential prejudice from Detective Marcum's testimony by recalling
him as a witness to play a recording of the interview with Detective Marcum at trial. A criminal
defendant cannot complain about any alleged error when he or she joined in or acquiesced to it

579, 587 (Mo. App. E.D. 2017). Testimony that is repetitive and cumulative to other testimony submitted without objection cannot be outcome determinative. *State v. Black*, 524 S.W.3d 594, 600-01 (Mo. App. S.D. 2017). Here, Knowles also testified that Harper "touch[ed] and explor[ed]" an eight-year-old minor in addition to the uncharged sexual misconduct against Victim's sister. This reference to Harper's sexual acts committed on an eight-year-old minor cumulatively represents additional propensity evidence of prior bad acts for which Harper had not been convicted. The stipulated facts regarding Harper's prior conviction for child molestation read to the jury specified Harper's prior conviction came from touching "a five-year-old female child" with no reference to the eight-year-old minor, and the jury instructions further distinguished Harper's prior conviction from his abuse of the eight-year-old girl:

> If you find and believe from the evidence that [Harper] previously committed other criminal acts of child molestation in the first degree of [J.D.] *and/or sexual contact with an eight-year-old female* and/or sexual contact with [Victim's] sibling, you may consider that evidence for the purpose of corroborating the victim's testimony and demonstrating [Harper's] propensity to commit the offense for which he is charged.

(Emphasis added). Any "error" in the admission of Detective Marcum's testimony pertaining to sexual abuse committed against Victim's sister was not reversible, plain error because the State presented other propensity evidence from unadjudicated crimes to the jury, and Harper has not alleged any error from the description of him "touching and exploring" the eight-year-old minor as described by Knowles. *See State v. Brown*, 596 S.W.3d 193, 214 (Mo. App. W.D. 2020) (finding no outcome-determinative, plain error from propensity evidence where the defendant did not challenge the admissibility of other

---

through his or her own conduct. *State v. Hernandez*, 613 S.W.3d 909, 915 n.4 (Mo. App. S.D. 2020); *State v. Barnes*, 583 S.W.3d 458, 462 (Mo. App. S.D. 2019).

evidence); *see also* **Black**, 524 S.W.3d at 600 ("'On direct appeal, plain error can serve as the basis for granting a new trial only if the error was outcome-determinative.' **State v. Bartlik**, 363 S.W.3d 388, 391 (Mo. App. E.D. 2012).").

## Conclusion

Harper has not facially established substantial grounds for believing manifest injustice or miscarriage of justice resulted from the admission of his uncharged sexual misconduct through Detective Marcum's testimony. For this reason, we decline to review Harper's claim for plain error. Point I is denied, and the trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS